# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

**CRIMINAL COMPLAINT**

RENATA DEVERO

CASE NUMBER: $00-4119-SNow$

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about May 21, 2000, in  Broward  county, in the  Southern  District of Florida defendant(s) did, (Track Statutory Language of Offense.

possessing with intent to distribute cocaine; importation of same;

in violation of Title  21  United States Code, Section(s)   952(a) & 841(a)(1)

I further state that I am a(n) U.S. Customs Service Special Agent and that this complaint is based on the following
Official Title
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:  [x] Yes [ ] No

*Edwin G. Flood*
Signature of Complainant
Edwin G. Flood, Special Agent
U.S. Customs Service

Sworn to before me. and subscribed in my presence,

5/22/00
Date

at   Fort Lauderdale, Florida
      City and State

UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

*Lurana S. Snow*
Signature of Judicial Officer

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v

**RENATA DEVERO,**

    **Defendant.**

_____

**CRIMINAL COVER SHEET**

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999?  ____ Yes  __X__ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? ____ Yes  __x__ No

3. Has AUSA Richard Scruggs had supervisory authority over, or otherwise participated in, this case?
____ Yes  __x__ No

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

BY: _____
EDWARD R. RYAN
ASSISTANT UNITED STATES ATTORNEY
Court Bar Number A500053
500 E. Broward Boulevard, 7th Floor
Fort Lauderdale, Florida 33394-3002
TEL (954) 356-7255
FAX (954) 356-7336
E-MAIL ADDRESS:
    EDWARD.RYAN@justice.usdoj.gov

### AFFIDAVIT

I, Edwin G. Flood, being duly sworn, do hereby depose and state the following:

1. I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Ft. Lauderdale, Florida, and have been so employed since November, 1986. Prior to my employment as a Special Agent with Customs, I was employed as a Special Agent with the Bureau of Alcohol, Tobacco, and Firearms for nine years. The following information is based upon my personal knowledge and that of other law enforcement officers that I have interviewed. Since this affidavit is being submitted for the limited purpose of providing probably cause for a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of the complaint.

2. On May 21, 2000, U.S. Customs Inspectors in Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale International Airport from Kingston, Jamaica onboard Air Jamaica Flight #87. One of the passengers inspected was **RENATA DEVERO**.

3. When questioned by Customs Inspectors, DEVERO stated that she traveled to Jamaica on May 19, 2000 in order to visit her husband, who resides in St. Catherine, Jamaica, a suburb of Kingston. Further questioning revealed that DEVERO was picked up at the airport in Kingston by a friend, and later checked into a Kingston Hotel.

1

4.  Customs Inspectors then asked DEVERO if the checked duffel bag she presented was hers, and she claimed it was. DEVERO also stated that she had packed the bag and all of its belongings were hers. A search of the duffel bag revealed several pairs of shoes, three pairs of which appeared unusually heavy. The three pairs of ladies shoes were X-rayed, where foreign substances were detected. The sole of one of the shoes was probed, revealing a white, powdery substance that field-tested positive for cocaine. All six shoes (3 pairs) were subsequently probed and found to contain packages of cocaine wrapped in brown tape. The six packages weighed approximately 3.66 pounds.

5.  DEVERO was advised of her <u>Miranda</u> warnings and she waived them. DEVERO provided both verbal and written statements. During her interview, DEVERO stated that a friend of hers named "MARIE," whose last name she did not know, gave her the shoes after her arrival in Jamaica. DEVERO stated that the shoes were given to her to use, and she was unaware of the fact that the shoes contained contraband. DEVERO stated that "MARIE" was the individual who picked her up at the airport in Kingston and assisted her with hotel arrangements while she awaited contact from her husband, a Jamaican citizen.

6.  Your affiant submits that based on the facts there exists probable cause to believe that RENATA DEVERO had in her possession and did knowingly import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 United States Code, Section

952(a); and did knowingly and intentionally possess with the intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of 21 United States Code, Section 841(a)(1).

**FURTHER YOUR AFFIANT SAYETH NAUGHT**

*[signature]*

**EDWIN G. FLOOD, SENIOR SPECIAL AGENT**
**UNITED STATES CUSTOMS SERVICE**

Sworn to before me this
22nd day of May, 2000.

*[signature]*

**UNITED STATES MAGISTRATE JUDGE**

3