ERR:hkp

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. **00 - 6 1 4 5  CR-FERGUSCN**

21 U.S.C. §963     MAGISTRATE JUDGE
21 U.S.C. §846     SNOW
21 U.S.C. §952
21 U.S.C. §841(a)(1)
18 U.S.C. §2

UNITED STATES OF AMERICA, )
                                )
                Plaintiff, )
                                )
v.                                 )
                                )
RENATA DEVERO, )
                                )
               Defendant. )
_____ )



FILED by __
JUN - 1 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

On or about May 21, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

RENATA DEVERO,

did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the Grand Jury to import into the United States, from a place outside



thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a); all in violation of Title 21, United States Code, Section 963.

## COUNT II

On or about May 21, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### RENATA DEVERO,

did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the Grand Jury to possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

## COUNT III

On or about May 21, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

### RENATA DEVERO,

did knowingly and intentionally import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 952(a), and Title 18, United States Code, Section 2

## COUNT IV

On or about May 21, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

RENATA DEVERO,

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

A TRUE BILL

_Leonard Roth_
FOREPERSON

GUY E. LEWIS
ACTING UNITED STATES ATTORNEY

EDWARD R. RYAN
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA        CASE NO. _____

v.

RENATA DEVERO                   **CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information**:
Court Division: (Select One)     New Defendant(s)    Yes ___  No ___
                                 Number of New Defendants  ___
___ Miami  ___ Key West          Total number of counts    ___
_X_ FTL    ___ WPB  ___ FTP

I do hereby certify that.

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:         (Yes or No) _NO_
   List language and/or dialect    _English_

4. This case will take _3_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days       _X_     Petty      ___
   II   6 to 10 days      ___     Minor      ___
   III  11 to 20 days     ___     Misdem.    ___
   IV   21 to 60 days     ___     Felony     _X_
   V    61 days and over  ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_

   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?(Yes or No) _Yes_
   If yes:
   Magistrate Case No.  00-4119-Snow
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of 5/22/00
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No  If yes, was it pending in the Central Region? ___ Yes ___ No

                                    _____
                                    EDWARD R. RYAN
                                    ASSISTANT UNITED STATES ATTORNEY
                                    Court Bar No. A500053

REV.4/7/99

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: <u>RENATA DEVERO</u>   No.: _____

Count # I:
<u>Conspiracy to import cocaine; in violation of 21 USC 963</u>

*Max Penalty: <u>5 years' mandatory minimum imprisonment; 40 years' maximum; $2,000,000</u>

<u>fine</u>

Count # II:
<u>Conspiracy to Possess with intent to distribute Cocaine; in violation of 21 USC 846</u>

*Max Penalty: <u>5 years' mandatory minimum imprisonment; 40 years' maximum; $2,000,000</u>

<u>fine</u>

Count #III:
<u>Importation of Cocaine; in violation of 952 and 18 USC 2</u>

*Max Penalty: <u>5 years' mandatory minimum imprisonment; 40 years' maximum; $2,000,000</u>

<u>fine</u>

Count #IV:
<u>Possession with intent to distribute Cocaine, in violation of 21 USC 841(a)(1) and 18 USC</u>

<u>2</u>

*Max Penalty: <u>5 years' mandatory minimum imprisonment; 40 years' maximum; $2,000,000</u>

<u>fine</u>

Count #:

_____

*Max Penalty: _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV 12/12/96